BENTON, J.,
concurring in denial of rehearing.
I concur in denying rehearing on the petition for writ of certiorari by which Melvin Perez asked us to overturn the trial court’s denial of his petition for writ of mandamus. He sought to compel the Department of Corrections (DOC) to award him 60 days of gain-time because he had earned a general educational development certificate (GED) — or at least to compel DOC to exercise its purported discretion on that account. Because the petition for writ of mandamus does not allege how much gain-time he has already been awarded, I agree that relief is properly denied.
Close to two decades ago, the Legislature first required that “the education program manager shall recommend, and the Department of Corrections may grant, a one-time award of 60 additional days of incentive gain-time to an inmate who is otherwise eligible and who successfully completes requirements for and is awarded a general educational development certificate or vocational certificate.” Ch. 91-281, § 3, at 2610, Laws of Fla. At the time, it was thought some four thousand inmates annually would benefit directly from such an incentive — not to mention the benefits to society better educated and more readily employable prison releasees might confer. See Fla. H.R. Comm, on Approp., HB 2277 (1991) Staff Analysis 4 (March 21, 1991) (on file in the State Archives) (“This award will impact approximately four thousand inmates who receive GED or vocational certificates yearly.”). The apparent legislative judgment that gain-time is an appropriate educational incentive has never been repudiated, although subsequent enactments have muddied the waters considerably and, according to DOC, categorically removed the incentive for people like Mr. Perez, whom the court below found was in prison for offenses he committed in 1997.
Incentive or no, Mr. Perez completed a vocational program and obtained a GED, before filing his petition for writ of mandamus seeking 60 days of incentive gain-time pursuant to section 944.275, Florida Statutes (1997). At the time of the offenses for which he was incarcerated, see generally Waldrup v. Dugger, 562 So.2d 687, 692 (Fla.1990) (“It could not be clearer that the [ex post facto] analysis in Weaver[ v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981)] applies as fully to discretionary gain-time as it does to ‘manda *990 tory’ gain-time, if the latter has ever truly existed in Florida.”), the statute provided:
(4)(a) As a means of encouraging satisfactory behavior, the department shall grant basic gain-time at the rate of 10 days for each month of each sentence imposed on a prisoner, subject to the following:
(b)For each month in which an inmate works diligently, participates in training, uses time constructively, or otherwise engages in positive activities, the department may grant incentive gain-time in accordance with this paragraph. The rate of incentive gain-time in effect on the date the inmate committed the offense which resulted in his or her incarceration shall be the inmate’s rate of eligibility to earn incentive gain-time throughout the period of incarceration and shall not be altered by a subsequent change in the severity level of the offense for which the inmate was sentenced.
1. For sentences imposed for offenses committed prior to January 1, 1994, up to 20 days of incentive gain-time may be granted. If granted, such gain-time shall be credited and applied monthly.
2. For sentences imposed for offenses committed on or after January 1, 1994, and before October 1,1995:
a. For offenses ranked in offense severity levels 1 through 7, under s. 921.0012 or s. 921.0013, up to 25 days of incentive gain-time may be granted. If granted, such gain-time shall be credited and applied monthly.
b. For offenses ranked in offense severity levels 8, 9, and 10, under s. 921.0012 or s. 921.0013, up to 20 days of incentive gain-time may be granted. If granted, such gain-time shall be credited and applied monthly.
3.For sentences imposed for offenses committed on or after October 1, 1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would cause a sentence to expire, end, or terminate, or that would result in a prisoner’s release, prior to serving a minimum of 85 percent of the sentence imposed. For purposes of this subpara-graph, credits awarded by the court for time physically incarcerated shall be credited toward satisfaction of 85 percent of the sentence imposed. Except as provided by this section, a prisoner shall not accumulate further gain-time awards at any point when the tentative release date is the same as that date at which the prisoner will have served 85 percent of the sentence imposed. State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency.
(c) An inmate who performs some outstanding deed, such as saving a life or assisting in recapturing an escaped inmate, or who in some manner performs an outstanding service that would merit the granting of additional deductions from the term of his or her sentence may be granted meritorious gain-time of from 1 to 60 days.
(d) Notwithstanding subparagraphs (b)l. and 2., the education program manager shall recommend, and the Department of Corrections may grant, a onetime award of 60 additional days of incentive gain-time to an inmate who is otherwise eligible and who successfully completes requirements for and is awarded a general educational development certificate or vocational certifícate. Under no circumstances may an inmate receive more than 60 days for educational attainment pursuant to this section.
*991 § 944.275, Fla. Stat. (1997). This version incorporates two amendments made to the statute in 1995. One amendment — while differentiating between the amount of basic incentive gain-time available on sentences imposed for offenses committed prior to January 1, 1994, and the amount of basic incentive gain-time available on sentences imposed for offenses committed on or after January 1, 1994, see generally Waldrup, 562 So.2d at 692[1]-evinced no intent to eliminate the authority for a onetime award of 60 additional days of incentive gain-time for educational achievement. See Ch. 95-184, § 26, at 1716-17, Laws of Fla. Ultimately, however, chapter 95-184, Laws of Florida, was declared unconstitutional as a violation of the single subject rule and invalidated by our supreme court in Heggs v. State, 759 So.2d 620 (Fla.2000).
The other amendment in 1995 explicitly ruled out “any type of gain-time ... that would ... result in a prisoner’s release, prior to serving a minimum of 85 percent of the sentence imposed,” if the sentence was imposed for an offense committed on or after October 1, 1995, the effective date of the amendment. See Ch. 95-294, § 2, at 2717-18, Laws of Fla. (“For sentences imposed for offenses committed on or after October 1,1995, the department may grant up to 10 days per month of incentive gain-time, except that no prisoner is eligible to earn any type of gain-time in an amount that would ... result in a prisoner’s release, prior to serving a minimum of 85 percent of the sentence imposed.”). The Staff Analysis of the bill asserts that the version of the statute then in effect “is amended to require that a person convicted of a crime committed on or after October 1, 1995 and sentenced to state prison may receive from the department no more than 10 days of incentive gaintime per month regardless of offense level. Inmates must serve at least 85% of their sentence unless otherwise provided in an executive order granting pardon or clemency.” Fla. H.R. Comm, on Corr., HB 687 (1995) Staff Analysis 3 (final Jul. 13, 1995) (on file in the State Archives). If the Staff Analysis is correct that no more than ten days of incentive gain-time of whatever kind can be awarded per month, a 60-day award, whether for educational achievement under subsection (d) — or, indeed, for heroism under subsection (c) — can never be made (at least in a single month) against a sentence imposed for an offense occurring on or after October 1, 1995.[2] In any event, the statute is reasonably clear that no such award can reduce the time that must be served under such a sentence more than 15%. See § 944.275(4)(b)3., Fla. Stat. (1997).
Petitioner’s pro se petition for writ of mandamus alleges his educational accomplishments while incarcerated in some detail. Attached as exhibits to the petition are a transcript and diploma. According to the petition, he “completed the vocational Automotive Repair and Refinishing program earning a vocational certificate” “on 3-31-03” “while at Cross City Correctional Institution” and “completed his High School Diploma/GED” “on 5-20-03” “while *992 at Hamilton Correctional Institution-Annex.” But the petition does not allege when he was sentenced, how lengthy his sentences are, how long he has already served or how much gain-time has already accrued. As far as can be told from the petition, he has already been awarded gain-time that amounts to 15% of sentence(s) he must serve for offense(s) he perpetrated after October 1, 1995. Under no permissible construction of section 944.275, Florida Statutes (1997), therefore, does the petition for writ of mandamus adequately allege a ministerial duty on DOC’s part to award 60 days of gain-time.

. See also Lynce v. Mathis, 519 U.S. 433, 445-46, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (noting that increase in the punishment for a crime that runs afoul of the ex post facto clause may result not only from statutes that govern initial sentencing but also from statutes that govern parole or early release).

. This is not, however, the only possible reading of section 944.275(4)(b), which can also be read as imposing the ten-day-per-month limit only on “incentive gain-time [granted] in accordance with this paragraph," i.e., section 944.275(4)(b).